IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JUDITH K. KERNS, MARCIA NALLEY, and SANDRA L. STEWART, on behalf of themselves and a similarly situated class, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 3:06-cv-01113 District Judge Trauger |
| v. | ) ) | Magistrate Judge Brown |
| CATERPILLAR, INC., | ) ) | Class Action |
| Defendant. | ) ) | |

## MEMORANDUM

Currently pending before the court is a motion for class certification filed by the plaintiffs (Docket No. 60), the defendant's response thereto (Docket No. 66), and the plaintiffs' reply (Docket No. 67). For the reasons explained herein, the plaintiffs' motion will be granted.

I.   Introduction

This is an action for vested lifetime health care benefits. The plaintiffs are surviving spouses of former employees of Caterpillar, Inc. ("Caterpillar") who retired on or after March 16, 1998 and before January 10, 2005. According to the plaintiffs, this lawsuit was precipitated by Caterpillar's announcement in 2005 that, beginning in 2006, class members would be required to pay monthly premium sharing co-payments and that, effective in 2006, 2008, and 2010, Caterpillar was modifying the health care benefits, including making a series of increases to the prescription drug co-payments and imposing new deductibles and annual out-of-pocket

1

maximums paid by the class.

On April 13, 2006, the plaintiffs originally filed this action in the Western District of Tennessee (W.D. Tenn. Case No. 2:06-cv-2213). The plaintiffs seek relief under § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, and under § 502 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132, from the defendant Caterpillar for breach of a collective bargaining agreement ("CBA") and a welfare benefit plan.

The defendant provided health care benefits for the plaintiffs' spouses and the proposed class pursuant to successive CBA's with the United Auto Workers ("UAW"). According to the plaintiffs, the parties to the CBA's intended for these health care benefits for surviving spouses to vest and to continue beyond the expiration of any particular contract. The plaintiffs claim that the defendant breached its promise to pay lifetime health benefits to surviving spouses at no cost when, in 2005, Caterpillar began charging surviving spouses for a portion of their medical care. The plaintiffs also complain they were charged increased co-payments for prescription drugs and other out-of-pocket expenses.

The plaintiffs seek declaratory judgment, preliminary and permanent injunctive relief requiring Caterpillar to maintain the level of health care benefits as required by the terms of the 1998 CBA, an order for the defendant to pay damages, plus interest, to the class for any losses suffered, an order for the defendant to pay damages for mental distress and anguish, and award of attorney's fees, punitive damages and costs, and any further relief.

On September 29, 2006, the defendant filed a motion to dismiss, contending that the

2

court lacks subject matter jurisdiction over the plaintiffs' LMRA and ERISA claims; that the plaintiffs cannot maintain an action on behalf of a hypothetical group of "future" surviving spouses that cannot be readily identified; and that the claims of current surviving spouses--i.e., those who became surviving spouses while the 1998 labor contracts were in effect--are moot. (W.D. Tenn. Docket No. 31).

On November 9, 2006, the defendant filed a motion to transfer the case to the Central District of Illinois. (W.D. Tenn. Docket No. 36). The Honorable Jon Phipps McCalla denied the defendant's motion to transfer by order entered November 9, 2006, and, instead, transferred the case to the Middle District of Tennessee, where a companion case, *Winnett v. Caterpillar, Inc.*, 3:06-cv-00235, was already pending.[1] (W.D. Tenn. Docket No. 39). On November 30, 2006, the plaintiffs filed their response in opposition to the defendant's motion to dismiss. (Docket No. 50).

On June 27, 2007, the court denied Caterpillar's motion to dismiss, finding that the court had subject matter jurisdiction over this suit and that the plaintiffs' surviving spouses claims were not moot. The court further found that it was too early in this litigation to determine whether the plaintiffs' right to lifetime, no-cost health benefits vested under the 1998 CLA and previous contracts. (Docket Nos. 77 and 78).

The plaintiffs have now filed a motion for class certification. (Docket No. 60). They seek to represent a putative class under Federal Rule of Civil Procedure 23(a) and (b) consisting of surviving spouses of former hourly employees: (1) who were represented by the UAW in collective bargaining; (2) who retired from Caterpillar on or after March 16, 1998 and before

---

[1]The *Winnett* case has not been consolidated with the instant case.

3

January 10, 2005; and (3) whose employment at Caterpillar's facilities in Memphis, TN, York, PA, Denver, CO, and Aurora, Peoria, East Peoria, Mapleton, Mossville, Morton, Decatur and Pontiac, IL was governed by the Central Labor Agreements and the related CBA's. (Docket No. 60 at 1-2). The plaintiffs assert that, based on the information provided thus far by Caterpillar, there are about 375-430 persons who currently meet the proposed class definition.

II.     Facts

The relevant facts of this case are set forth in the court's memorandum opinion entered on June 27, 2007, and are incorporated herein by reference. (Docket No. 77 at pp. 1-18).

III.    Analysis

The principal purpose of class actions is to achieve efficiency and economy of litigation, both with respect to the parties and the courts. *See Gen. Tel. Co. v. Falcon*, 457 U.S. 147, 159, 102 S. Ct. 2364, 72 L.Ed.2d 740 (1982). The Supreme Court has observed that, as an exception to the usual rule that litigation is conducted by and on behalf of individual named parties, "[c]lass relief is 'peculiarly appropriate' when the 'issues involved are common to the class as a whole' and when they 'turn on questions of law applicable in the same manner to each member of the class.'" *Id.* at 155 (quoting *Califano v. Yamasaki*, 442 U.S. 682, 700-01, 99 S. Ct. 2545, 61 L.Ed.2d 176 (1979)). The Court directs that, before certifying a class, district courts must conduct a "rigorous analysis" of the prerequisites of Rule 23 of the Federal Rules of Civil Procedure. *See Falcon*, 457 U.S. at 161. The Sixth Circuit has stated that district courts have broad discretion in deciding whether to certify a class, but that courts must exercise that discretion within the framework of Rule 23. *Coleman v. Gen. Motors Acceptance Corp.*, 296 F.3d 443, 446 (6th Cir. 2002); *In re Am. Med. Sys., Inc.*, 75 F.3d

1069, 1079 (6th Cir. 1996).

Although a court considering class certification may not inquire into the merits of the underlying claim, a class action may not be certified merely on the basis of its designation as such in the pleadings. *See Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178, 94 S. Ct. 2140, 40 L.Ed.2d 732 (1974); *In re Am. Med. Sys., Inc*., 75 F.3d at 1079. In evaluating whether class certification is appropriate, "it may be necessary for the court to probe behind the pleadings...." *Falcon*, 457 U.S. at 160; *see also In re Am. Med. Sys., Inc.*, 75 F.3d at 1079; *Weathers v. Peters Realty* Corp., 499 F.2d 1197, 1200 (6th Cir. 1974). Moreover, the party seeking class certification bears the burden of establishing its right to it. *See Alkire v. Irving*, 330 F.3d 802, 820 (6th Cir. 2003); *Senter v. Gen. Motors Corp*., 532 F.2d 511, 522 (6th Cir. 1976).

    A.     *The plaintiffs have demonstrated that they meet the requirements of Rule 23(a).*

Any party seeking class certification must meet all four prerequisites of Rule 23(a)--numerosity, commonality, typicality, and adequacy of representation--before a class can be certified. *See Fed. R. Civ. P*. 23(a); *In re Am. Med. Sys., Inc*., 75 F.3d at 1079. The court will discuss each of these prerequisites in turn.

Before moving to this discussion, however, the court notes that, in response to the plaintiffs' motion for class certification, Caterpillar attacks the court's jurisdiction over the plaintiffs' claims. Caterpillar also argues that the plaintiffs' claims are moot. These are the same arguments Caterpillar advanced in its motion to dismiss, which the court already has rejected. Moreover, the court should not consider the merits when ruling on a motion for class certification. *Fox v. Massey-Ferguson, Inc.*, 172 F.R.D. 653, 660 (E.D. Mich. 1995)(in ruling on a motion for class certification, "the court should not consider the merits of the action. Rather, the court must accept all of the factual

5

allegations . . . as being correct and draw all reasonable inferences from these facts.").

      1.  *The plaintiffs have demonstrated numerosity*.

Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." *Fed. R. Civ. P.* 23(a)(1). In *Sente*r, the Sixth Circuit explained that there is "no specific number below which class action relief is automatically precluded" and that it is the circumstances of the case, not a strict numerical test, that determines impracticability of joinder. *See Senter v. Gen. Motors Corp.*, 532 F.2d 511, 523 n. 24 (6th Cir. 1976). When class size reaches substantial proportions, however, the impracticability requirement is usually satisfied by the numbers alone. *In re Am. Med. Sys., Inc.*, 75 F.3d at 1079.

Apart from class size, factors that courts should consider in determining whether joinder is impracticable include the geographical dispersion of class members, the injunctive nature of the action, how easily class members can be identified, judicial efficiency, fear of harassment, and the relatively small size of individual claims. *See* Alba Conte & Herbert Newberg, 1 *Newberg on Class Actions* § 3:6 (4th ed. 2003) (hereinafter "*Newberg*"); *see also Saur v. Snappy Apple Farms, Inc.*, 203 F.R.D. 281, 286 (W.D. Mich. 2001).

There are over 400 surviving spouses in this proposed class. (Docket No. 60 at 10). The plaintiffs state that there may be additional class members who are not yet identified who will become class members in the future. (*Id.* at 11). The proposed class members are elderly and live in many different states. (*Id*. at 12). The court finds that the size of the proposed class, consisting of elderly and geographically dispersed persons, fulfills the numerosity requirement. *See e.g., Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 884-85 (6th Cir. 1997)(affirming district court's certification of class, agreeing that the joinder of 1100 retirees and surviving spouses would be

6

impracticable); *Reese v. CNH Am., LLC*, 227 F.R.D. 483, (E.D. Mich. 2005)(citing *Bittinger* and finding that joinder of approximately 1450 retirees and surviving spouses is impracticable, thus the numerosity requirement is fulfilled).

        2.    *The plaintiffs have demonstrated commonality.*

In order to establish commonality, the plaintiffs must demonstrate that "there are questions of law or fact common to the class" under Rule 23(a)(2). *See Fed. R. Civ. P.* 23(a)(2). One leading treatise characterizes the commonality prerequisite as interdependent with the numerosity prerequisite. *See Newberg* § 3:10. It notes that these two factors form the conceptual basis for determining whether a class action is the appropriate vehicle for the resolution of a particular matter. *See id.*

The Sixth Circuit has characterized the commonality requirement as "qualitative rather than quantitative" and has observed that "[v]ariations in the circumstances of class members are acceptable, as long as they have at least one issue in common." *See Bacon,* 370 F.3d at 570; *In re Am. Med. Sys., Inc.,* 75 F.3d at 1080. It has also noted that not every common issue will satisfy this requirement but rather that "[w]hat we are looking for is a common issue the resolution of which will advance the litigation." *See Sprague v. Gen. Motors Corp.,* 133 F.3d 388, 397 (6th Cir. 1998).

Here, the class members and the proposed class members share the common legal questions of whether the negotiated agreements provide for fully paid lifetime health care benefits without cost and whether Caterpillar's challenged actions are actionable under the LMRA and ERISA. While there may be some distinctions in the facts supporting class members' claims, the commonality requirement of Rule 23(a)(2) does not require that *all*

7

questions of law or fact be common.  The issue of whether Caterpillar violated vested rights under either the LMRA or ERISA would resolve a common issue for the entire group.  In *Bittinger*, the Sixth Circuit held that the common question of whether a collective bargaining agreement guaranteed lifetime, fully-funded benefits was sufficient to establish commonality. 123 F.3d 877, 884; *see also Fox v. Massey-Ferguson, Inc*., 172 F.R.D. 653, 661 (E.D. Mich. 1995) (finding that commonality was present where all proposed class members sought the same continuing lifetime health care benefits allegedly promised to them in collective bargaining and insurance agreements, even though there may have been distinct oral and written representations on which the plaintiffs relied).  The court finds that the plaintiffs in the instant case have established the necessary commonality under Rule 23(a).

        3.    *The plaintiffs have demonstrated typicality*.

Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." *Fed. R. Civ. P*. 23(a)(3).  Typicality requires the representative to be a member of the class and share at least a common element of fact or law with the class.  *Senter v. Gen. Motors Corp*., 532 F.2d 511, 525 (6th Cir. 1976).  "Like the test for commonality, the test for typicality is not demanding and the interests and claims of the various plaintiffs need not be identical."  *Reese v. CNH Am., LLC*, 227 F.R.D. 483, 487 (E.D. Mich. 2005)(citing *Bittinger*, 123 F.3d at 884)); *see also Rutherford v. City of Cleveland*, 137 F.3d 905, 909 (6th Cir. 1998)(recognizing that the commonality and typicality requirements "tend to merge," and that "[b]oth serve as guideposts for determining whether . . . maintenance of a class action is economical and whether the named plaintiff's claim and the class members are so interrelated that the interests of the class members will be fairly and adequately protected in their

8

absence.")).

Together with Rule 23(a)(4)'s requirement that the representative party adequately protect the interests of the class, the typicality requirement focuses on the characteristics of the class representatives. *See Newberg* § 3:13. The Sixth Circuit has adopted Newberg's characterization of the typicality requirement. As depicted in this characterization, "[t]ypicality determines whether a sufficient relationship exists between the injury to the named plaintiff and the conduct affecting the class, such that the court may properly attribute a collective nature to the challenged conduct. In other words, when such a relationship is shown, a plaintiff's injury arises from or is directly related to a wrong to a class, and that wrong includes the wrong done to the plaintiff. Thus, a plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory." *See In re Am. Med. Sys., Inc.*, 75 F.3d at 1082 (citing 1 Alba Conte & Herbert Newberg, *Newberg on Class Actions* § 3:13 (3d ed. 1992)). A representative's claim may be considered typical, despite the fact that evidence relevant to his or her claim varies from other class members, some class members would be subject to different defenses, and the members may have suffered varying levels of injury. *See Bittinger*, 123 F.3d at 884-885.

In the instant case, Caterpillar argues that the plaintiffs cannot satisfy Rule 23's typicality requirement because their claims are moot. Caterpillar also argues that because some of the

plaintiffs can prove their claims without necessarily proving the claims of the putative class members, the typicality requirement cannot be met.

9

The court already has rejected Caterpillar's argument that the plaintiffs' claims are moot, and the court finds that the typicality requirement necessary for class certification is satisfied in this case. The named representatives, like the proposed class members, contend that Caterpillar is wrongfully threatening to modify, or already has modified, the level of health insurance benefits to which they allegedly are entitled under the governing CBA and plans. Their claims are based on the same legal theory--that the relevant agreements provide retirees and surviving spouses of retirees fully-paid lifetime health care benefits without cost.

Factually, Kerns, Nalley, and Stewart are similarly situated to the other surviving spouses in the proposed class. Kerns' and Nalley's husbands retired on or after January 1, 1992, and before January 10, 2005, under the negotiated 1998 CLA and its Benefit Agreements and Plans (including the 1998 IPA and GIP). Kerns' and Nalley's husbands died on June 10, 2002, and May 26, 2003, respectively, during the effective term of the negotiated 1998 CLA and its Benefit Agreements and Plans. Stewart's husband stopped working on or about August 14, 1998, and went on disability status. He died on June 28, 2004, after the expiration of the 1998 CLA and before January 10, 2005 (the effective date of the 2004 CLA and its Benefit Agreements and Plans). It is unclear whether he retired from Caterpillar or was eligible to retire when he died; in any event, the plaintiffs' theory is that Stewart is entitled to the vested lifetime health care benefits at no cost as his surviving spouse.[2] Nalley is on Medicare while Kerns and Stewart are

---

[2] The plaintiffs point out that they are awaiting the complete files from Caterpillar providing this information. (Docket No. 67 at 5). The plaintiffs have produced two documents indicating that Mr. Stewart had a retirement date of September 1, 1998. (*Id*. at 5-6.)

10

not.

In *Reese v. CNH America LLC*, the court certified a class of retirees and surviving spouses. The retirees had worked at facilities in five states and had retired over a ten-year period. The class representatives were all retirees. As the case progressed, additional surviving spouses "grew into" the class and became class members, but all of the class representatives remained retirees. The court in *Reese* found that the proposed class met all the requirements for certification, noting that, "like the test for commonality, the test for typicality is not demanding and the interests and claims of the various plaintiffs need not be identical." 227 F.R.D. 483, 487-88. As in *Reese*, the court here finds that the "factual and legal variations . . . do not render the proposed Class unworkable; nor do they demonstrate a lack of commonality and/or typicality." 227 F.R.D. at 488.

4. *The plaintiffs have demonstrated adequate representation.*

Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." *Fed. R. Civ. P*. 23(a)(4). The Sixth Circuit has recognized that this adequacy of representation requirement encompasses two criteria: (1) the representative plaintiffs must have common interests with unnamed members of the class; and (2) it must appear that the representative plaintiffs will vigorously prosecute the interests of the class through qualified counsel. *Senter*, 532 F.2d at 525. The first criterion, that of common interest, essentially requires that there be no antagonism or conflict of interest between the representative plaintiffs and the other members of the class that they seek to represent. *See In re Am. Med. Sys*., 75 F.3d at 1083. The second criterion inquires into the competency of counsel. *See id.* The Sixth Circuit has observed that the adequacy of representation prerequisite overlaps with the

11

typicality requirement because, "in the absence of typical claims, the class representative has no incentives to pursue the claims of the other class members." *Id.* That court has also noted that this prerequisite is essential to due process because a final judgment in a class action is binding on all class members. *Id.*

As to the first criterion, the named plaintiffs share a keen interest in declaring the rights of the entire class to vested, lifetime health care benefits under the 1998 agreements and plans, without any premium-sharing payment by them and without the modifications that have reduced their benefits and imposed new out-of-pocket costs since January 1, 2006. Caterpillar's actions have been directed at the entire proposed class, and the class members have been affected in the same way (i.e., by Caterpillar's alleged unlawful withdrawal or modification of their healthcare insurance benefits). Caterpillar has not demonstrated that any antagonism exists among or between the named plaintiffs and the proposed class members. Thus, the court finds that Kerns, Nalley, and Stewart will fairly and adequately protect the interests of the class.

As to the second criterion, the plaintiffs assert that their class representatives and counsel have aptly demonstrated their adequacy throughout the long history of this litigation. (*See* Docket No. 250 at 55.) Counsel has pursued discovery, successfully opposed Caterpillar's motion to dismiss, and prepared this class certification motion. Additionally, the plaintiffs assert that plaintiffs' counsel has "extensive experience in employment discrimination and specifically class action litigation before federal courts around the country." (*See id.* at 55-56.) The court has no reason to question counsel's qualifications, and the defendant does not contest the competency of plaintiffs' counsel. (Docket No. 66; Docket No. 67 at 10). Accordingly, the plaintiffs satisfy the second criterion of adequate representation and have, therefore,

12

demonstrated that adequate representation exists in this case.

  B. *The proposed class meets the requirements of Rule 23(b)(1) and (2).*

Having found that the plaintiffs have demonstrated the existence of each Rule 23(a) prerequisite,[3] the court now must determine whether the plaintiffs' case also falls within at least one of the subcategories of Rule 23(b). *See In re Am. Med. Sys.*, 75 F.3d at 1079. The plaintiffs contend that the facts here mandate class certification under either subsection (b)(1) or (b)(2). Caterpillar opposes class certification, but asserts that, if the court decides to certify any class or subclass in this matter, the plaintiffs' claims should be certified only pursuant to Rule 23(b)(2) because the plaintiffs seek injunctive and declaratory relief applicable to the class as a whole. (Docket No. 66 at 3).

Rule 23(b)(1) provides that an action may be maintained as a class action if the above four requirements of Rule 23(a) are met and if "the prosecution of separate actions by or against individual members of the class would create a risk of" either one of the following:

> (A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or
>
> (B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests[.]

*Fed. R. Civ. P.* 23(b)(1).

---

[3]Indeed, Caterpillar does not dispute numerosity, commonality, the adequacy of class counsel, or the fulfillment of the prerequisites of Rule 23(b)(1). (Docket No. 66).

13

In the instant case, the plaintiffs assert that, if this action does not proceed as a class action, the surviving spouses could file a multitude of individual lawsuits in numerous jurisdictions challenging Caterpillar's actions. Varying decisions, at odds with one another, could result. Caterpillar could then be required to continue to pay the full cost of insurance for some and not others. This result is the very result Rule 23(b)(1) is intended to avoid. *See Fox v. Massey-Ferguson*, 172 F.R.D. 653, 665 (E.D. Mich. 1995)(where the prosecution of separate actions could lead to inconsistent adjudications which would fail to establish congruous standards of conduct for Massey-Ferguson, certification under Rule 23(b)(1) was appropriate). As explained by the court in *Massey-Ferguson*:

> If each retiree [or surviving spouse] separately adjudicated his or her claim, different results are inevitable, especially considering the fact that the retirees reside in different states. This would lead to the obvious conclusion that [the defendant] could prevail in some cases and lose in others which, in turn, would lead to inconsistent and, perhaps, inequitable results. Moreover, adjudications with respect to individual members could substantially impair the interests of those persons who are not parties to this lawsuit.

172 F.R.D. at 665. The court agrees with the plaintiffs. Absent class certification, if over 400 surviving spouses file individual lawsuits to challenge Caterpillar's modifications to their health insurance benefits, Caterpillar likely would face "incompatible standards of conduct paying the full-costs of benefits for some but not others." *Reese*, 227 F.R.D. 483, 489 (certifying class under Rule 23(b)(1) where retirees claimed the defendant violated ERISA and LMRA in denying retirement healthcare benefits). The court finds that, because of the risk of inconsistent judgments, certification is appropriate under Rule 23(b)(1).

Rule 23(b)(2) authorizes "mandatory" class actions under which potential class members

do not have an automatic right to notice or a right to opt out of the class. *See Reeb v. Ohio Dep't of Rehab. & Corr.*, 435 F.3d 639, 645 (6th Cir. 2006). Certification under this rule is appropriate where "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." *Fed. R .Civ. P.* 23(b)(2). In other words, class actions may be maintained under this rule when the primary relief sought is injunctive or declaratory. *See id.* advisory committee's note (noting that Rule 23(b)(2) "does not extend to cases in which the appropriate final relief relates exclusively or predominately to money damages").

Here, the plaintiffs seek injunctive and declaratory relief to end Caterpillar's modifications to their health care benefits. Caterpillar's actions in this regard "affected the entire proposed class," making equitable relief appropriate. *See Fox v. Massey-Ferguson, Inc.*, 172 F.R.D. at 665 (granting certification under Rule 23(b)(1) and (b)(2)). The plaintiffs' request for declaratory and injunctive relief predominates over any monetary relief which may also be available.

Caterpillar concedes that the court could certify a class under Rule 23(b)(2) because the plaintiffs' "primary request for relief is injunctive and declaratory in nature--they ask the Court to declare that their rights to free lifetime retiree medical benefits were 'vested' and could not be changed, and restoration to that status." (Docket No. 66 at 15). Accordingly, the court finds that certification under Rule 23(b)(2) as well as (b)(1) is appropriate.

Rule 23(c)(1)(B) provides that, once a class is certified, the court must enter an order that "define[s] the class." Rule 23(c)(1)(C) further provides that an order defining the class may be thereafter further refined, altered, or amended. If necessary, the court can alter, amend, or

15

further refine the class at a later time.

IV.     Conclusion

For the reasons explained herein, the plaintiffs' motion for class certification (Docket No. 60) will be GRANTED.

An appropriate order will enter.

_____
ALETA A. TRAUGER
United States District Judge