IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **JUDITH K. KERNS,** *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 3:06-cv-1113 |
| | ) | District Judge Trauger |
| v. | ) | |
| | ) | |
| **CATERPILLAR, INC.,** | ) | Class Action |
| | ) | |
| Defendant/Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **INTERNATIONAL UNION, UAW,** *et. al*, | ) | |
| | ) | |
| Third-Party Defendants. | ) | |

**ORDER**

For the reasons expressed in the accompanying Memorandum, Caterpillar's Motion to Compel (Docket No. 108) is GRANTED IN PART and DENIED IN PART as follows:

The UAW International and each of the Third-Party Defendant Local Unions[1] are ordered to comply immediately with the May 2007 subpoenas issued by Caterpillar and shall produce documents responsive to all twenty (20) categories, as modified by Caterpillar's June 21, 2007 and December 13, 2007 letters, **except for** all documents and information that reflect confidential internal bargaining strategy and priorities of the UAW International, the Memphis Local and other UAW local unions (collectively, hereinafter "UAW") with respect to

---

[1] The out of state local unions challenge the court's personal jurisdiction over them. (*See* Docket No. 91). The court will address their challenges by separate Order.

1

negotiations leading to the 1998 labor agreements and in subsequent negotiations and contractual disputes with Caterpillar.

With respect to any documents withheld on the basis of the collective bargaining strategy, the UAW is required to submit a privilege log consistent with Federal Rule of Civil Procedure 26(b)(5) and (c). With respect to those categories of information requested by the subpoenas that are directly relevant to the issues raised by the Plaintiffs' Motion for Preliminary Injunction in *Winnett v. Caterpillar,* No. 3:06-cv-0235–namely, information concerning the negotiation and administration of the Caterpillar Logistics Services Agreement and communications from the UAW describing or explaining the parties' bargaining proposals concerning changes to retiree medical benefits–the UAW shall provide the privilege log by February 15, 2008. With respect to all other categories, the UAW shall provide the privilege log by February 29, 2008.

Accordingly, the UAW's Motion for a Protective Order (Docket No. 111) is GRANTED IN PART and DENIED IN PART. The court will issue contemporaneously a protective order reflecting this ruling.

It is so ordered.

Entered this 7th day of February, 2008.

ALETA A. TRAUGER
United States District Judge