IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GARY T. WINNETT, et al.,        )<br>                                 )<br>    Plaintiffs,                  )<br>                                 )<br>v.                               )<br>                                 )<br>CATERPILLAR INC.,                )<br>                                 )<br>    Defendant/Third-Party Plaintiff, )<br>                                 )<br>v.                               )<br>                                 )<br>INTERNATIONAL UNION, UAW, et al. )<br>                                 )<br>    Third-Party Defendants.      )<br>                                 ) | Case No. 3:06-0235<br>Judge Trauger |

_____

| | |
|---|---|
| JUDITH K. KERNS, et al.,        )<br>                                 )<br>    Plaintiffs,                  )<br>                                 )<br>v.                               )<br>                                 )<br>CATERPILLAR INC.,                )<br>                                 )<br>    Defendant/Third-Party Plaintiff, )<br>                                 )<br>v.                               )<br>                                 )<br>INTERNATIONAL UNION, UAW, et al. )<br>                                 )<br>    Third-Party Defendants.      )<br>                                 ) | Case No. 3:06-1113<br>Judge Trauger |

## ORDER

For the reasons expressed in the accompanying Memorandum, the Motion for Summary

Judgment filed by the third-party defendant, the International Union, UAW ("UAW"), in these cases (*Winnett* Docket No. 398 and *Kerns* Docket No. 207) is **GRANTED** and Caterpillar's Motion to Re-Open Discovery for the Limited Purpose of Deposing Roger J. McClow, or in the Alternative, to Strike the Declaration of Roger J. McClow (*Winnett* Docket No. 458; *Kerns* Docket No. 259) is **DENIED**. Caterpillar's Third-Party Complaint against the UAW in these cases is **DISMISSED.**

The Motions for Summary Judgment filed by the *Winnett* (Docket No. 404) and *Kerns* plaintiffs (Docket No. 213) and by Caterpillar in these cases (*Winnett* Docket No. 410 and *Kerns* Docket No. 214) are **GRANTED IN PART AND DENIED IN PART** as described in the attached Memorandum. In *Winnett,* Caterpillar remains enjoined from deducting premium charges for the CLS subclass' retiree healthcare coverage but, going forward, Caterpillar is no longer enjoined from charging the other "specific charges" mentioned in the court's September 16, 2008 Order (*Winnett* Docket No. 307).

As the liability issues that would have been the subject of the June 2010 and August 2010 trials set in these cases have been resolved, those trial settings will be removed from the calendar. The parties have indicated that additional discovery into damages will be necessary.

It is so ordered.

Enter this 26th day of March 2010.

_____
ALETA A. TRAUGER
United States District Judge