IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JUDITH K. KERNS, *et al.*, | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | )   Case No. 3:06-1113 |
| | )   Judge Trauger |
| CATERPILLAR INC., | ) |
| | ) |
|     Defendant. | ) |
| | ) |

## MEMORANDUM

Pending before the court is the Class Plaintiffs' Motion to Amend Class Description (Docket No. 300), to which the defendant, Caterpillar, Inc., has responded (Docket No. 307), and the plaintiffs have filed a reply in support (Docket No. 310). For the reasons discussed herein, this motion will be denied.

## FACTUAL AND PROCEDURAL BACKGROUND

Despite the fact that the briefing became fairly voluminous, this motion raises a relatively minor issue in a case that, along with the closely related *Winnett* litigation, has been the subject of numerous opinions that resolved complex issues centered on whether the defendant Caterpillar breached the terms of the relevant collective bargaining agreements by charging former Caterpillar employees and their surviving spouses premiums and other costs related to their health insurance.

On February 16, 2007, the plaintiffs moved for certification of a "proposed class [that]

1

consists of surviving spouses of former hourly employees who: (1) were represented by the UAW in collective bargaining; (2) retired from Caterpillar on or after March 16, 1998 and before January 10, 2005; and (3) whose employment at Defendant's facilities in Memphis, TN, York, PA, Denver, CO, and Aurora, Peoria, East Peoria, Mapleton, Mossville, Morton, Decatur and Pontiac, IL was governed by the Central Labor Agreements and the related collective bargaining agreements." (Docket No. 60 at 2.) Through a July 12, 2007 Memorandum and accompanying Order, the court granted the plaintiffs' motion and certified this proposed class of what the court will now refer to as "Retiree Spouses," that is, surviving spouses of individuals who retired from Caterpillar during the relevant time period. (Docket Nos. 79 and 80.)

In a footnote in their class certification motion, the plaintiffs raised what the court will refer to here as the "Eligible Spouses" issue. Eligible Spouses are surviving spouses of employees who became disabled and died before retiring and/or who were *eligible* to retire from Caterpillar but had not done so at the time of death. (Docket No. 60 at 2.) In that footnote, the plaintiffs stated that, under the relevant Caterpillar benefit plan (the 1998 Group Insurance Plan (GIP)), "surviving spouses of employees who become disabled and die before retiring, and/or who die while eligible to retire, are treated like surviving spouses of retired employees," and, therefore, "[t]he proposed class includes such surviving spouses of deceased former employees who meet the plan's eligibility requirements . . . where the former employee died on or after March 16, 1998 and before January 10, 2005." (*Id*.) The court made no mention of this footnote in its opinion, and, while the court granted the plaintiffs' motion without explicit limitation, by its plain language, the class certified by the court does not include Eligible

2

Spouses. (Docket No. 80.)

As discussed in their briefing here, the plaintiffs, while not seeking any formal relief from the court surrounding this issue, made occasional mention of the Eligible Spouses in subsequent briefing. (Docket No. 301 at 10-11.) Indeed, in the plaintiffs' December 2009 summary judgment motion, the plaintiffs lumped Retiree and Eligible Spouses together, stating that "surviving spouses of deceased retirees who retired from Caterpillar on or after March 16, 1998 and before January 10, 2005, and surviving spouses of deceased employees who died while *eligible to retire* on or after March 16, 1998 and before January 10, 2005, have a vested right to lifetime health care benefits . . . ." (Docket No. 218 at 2-3)(emphasis added).

In a footnote in the court's March 26, 2010 Memorandum that, among other things, ruled on the plaintiff's summary judgment motion, the court expressed confusion over the plaintiffs' discussion of Eligible Spouses because this "group of individuals is facially outside of the scope of the class that was certified." (Docket No. 262 at 35-36.) In the period since that ruling, the parties have been consumed with Motion for Reconsideration briefing following the Sixth Circuit's ruling on Caterpillar's statute of limitations defense in *Winnett* and briefing related to third-party defendant UAW's contingent counterclaims against Caterpillar. (*See e.g.* Docket Nos. 266, 297.)

In light of the court's March 26, 2010 Memorandum and its January 12, 2011 ruling on Caterpillar's Motion for Reconsideration, the parties are apparently in the process of "develop[ing] an agreed damages claims procedure to be followed in this case," which involves, among other things, "Caterpillar . . . gathering relevant class member data to be shared with

counsel for the *Kerns* Plaintiffs." (Docket No. 293 at 2.) It is in this context that the plaintiffs have first raised the notion of amending the class description to include Eligible Spouses. (*Id.*) After a failed effort to convince Caterpillar to agree to amend the description, the plaintiffs brought the pending motion. (*Id.*)

## ANALYSIS

**I.  Legal Standard**

Federal Rule of Civil Procedure Rule 23(c)(1)(C) states that the order certifying the class "may be altered or amended before final judgment." The Advisory Committee Notes to this provision recognize that discovery and case developments may change the court's perspective on the propriety of class certification or on the scope of the class; for example, "following a determination of liability . . . proceedings to define the remedy may demonstrate the need to amend the class definition or subdivide the class."

Indeed, the court's initial certification of a class is "inherently tentative" and subject to change as the case proceeds through discovery. *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 469 n. 11 (1978). Therefore, "district courts have broad discretion to modify class definitions" and "to make appropriate adjustments to the class definition as the litigation progresse[s]." *Powers v. Hamilton County Pub. Defender Com'n*, 501 F.3d 592, 619 (6th Cir. 2007); *Daffin v. Ford Motor Co.*, 458 F.3d 549, 554 (6th Cir. 2006)(the "trial judge is free to modify [the] certification order in light of subsequent developments in the litigation.")[1] While Rule

---

[1] In general, the case law relied upon by the parties here was not particularly helpful. In support of its argument (noted below) that "factual or legal developments" are a "foremost" consideration in weighing whether to permit amendment, Caterpillar relies entirely on non-controlling case law from the Second Circuit. (Docket No. 307 at 6 citing *e.g. J.P. Morgan*

4

23(c)(1)(C) provides the district court with ample discretion, the rule must be balanced with "other concerns," including avoiding "unnecessarily protracted" litigation. *Burkhead v. Louisville Gas & Electric Co.*, 2008 WL 1805487, *1 (W.D. Ky. April 18, 2008)(citing 3 Alba Conte & Herbert Newberg, *Newberg on Class Actions*, Section 9:1 at 299 (4th ed. 2002)).

## I. The Plaintiffs' Motion to Amend

### A. The Parties' Arguments

The plaintiffs' core argument here is that the 1998 GIP (the Plan that is "the source of Plaintiffs' claim for health care benefits") treats Retiree Spouses and Eligible Spouses in the same manner from a benefits entitlement perspective, and, therefore, Eligible Spouses should be included in the class. (Docket No. 301 at 4-6.) The plaintiffs note that they are aware of at least one Eligible Spouse, and it would be unfair if that individual (and probably a few others) were denied relief, particularly in light of the fact that, in its class certification motion, the plaintiffs

---

*Chase Cash Balance Litig.*, 255 F.R.D. 130, 133 (S.D.N.Y. 2009); *Ali v. Mukasey*, 529 F.3d 478, 490 (2nd Cir. 2008)). The plaintiffs cited a few cases arising in the retiree benefits context, showing that courts have, in the past, altered or amended class descriptions as the cases developed. (Docket No. 301 at 15-20 citing *e.g. Reese v. CNH Global NV*, 2007 WL 2484987 (E.D. Mich. Aug. 29, 2007); *UAW v. Ford Motor Co.*, 2009 WL 3757040 (E.D. Mich. Nov. 9, 2009)). While the parties spend a considerable amount of energy quibbling over the other's analysis of these cases, the parties concede that the court's analysis here must be guided by the unique facts of this case, and the mere fact that courts have found it appropriate to modify class descriptions in retiree health care benefits cases does not stand for the proposition that modification is necessarily appropriate here. (*See* Docket No. 301 at 18; Docket No. 307 at 9, Docket No. 310 at 10.) Finally, Caterpillar cites two cases, *Amalgamated Transit Union v. Laidlaw Transit Servs., Inc.*, 2010 WL 582134 (S.D. Cal. Feb. 11, 2010) and *Whittum v. Saginaw County*, 2005 WL 3271810 (E.D. Mich. Nov. 22, 2005), for the general proposition that, if a court determines that the prejudice to the defendant from an amendment would be undue, it may deny the plaintiff's motion to amend. (Docket No. 307 at 11-12.) Again, these cases stand for the unremarkable notion that the court is to balance the equities, based upon the unique facts of the case, to determine if an amendment is appropriate.

5

alerted the court that the proposed class would include Eligible Spouses. (*Id*.) The plaintiffs also raise the notion of "inconsistent or varying adjudications" if the excluded class members were forced to proceed with separate litigation after being denied admission to the class in this case. (*Id.* at 20.)

In order to include Eligible Spouses and to otherwise "fine tune the class to more closely match the eligibility criteria in the 1998 GIP" and bring the class into line with the court's previous rulings in this case, the plaintiffs maintain that the class description should be amended to read as follows:

> A. surviving spouses of deceased former hourly employees who were represented by the UAW in collective bargaining and whose employment at Caterpillar's facilities in Memphis, TN, York, PA, Denver, CO, and Aurora, Peoria, East Peoria, Mapleton, Mossville, Morton, Decatur and Pontiac, IL was governed by the Central Labor Agreements and the related collective bargaining agreements, if:
>
>> (1) survivor benefits are payable under the Non-Contributory Pension Plan (including for this purpose a surviving spouse who would receive such benefits except for the receipt of a survivor income benefit under paragraph 4.9 of the 1998 GIP), but, in any event, excluding any person who receives survivor benefits under subsection 6.7 of the Non-Contributory Pension Plan or by reason of a qualified domestic relations order pursuant to subsection 11.8 of the Non-Contributory Pension Plan, or
>>
>> (2) such surviving spouse continues to survive in the event of the death of an Employee who is receiving a Disability Pension under the Non-Contributory Pension Plan and the Employee was (a) eligible for the immediate commencement of a monthly pension (other than a Disability Pension under the Non-Contributory Pension Plan) at the time the Disability Pension commenced, or (b) at the time of the Employee's death:
>>
>>> 1. the Employee was age 55 or more,
>>>
>>> 2. coverage under Section V of the 1998 GIP was in effect, and

        3.        the spouse was eligible for the immediate commencement of a surviving spouse's benefit or would have been eligible had the Employee not waived the surviving spouse's benefit as provided in subsection 6.4 of such Non-Contributory Pension Plan.[2]

    B.    The Class includes any surviving spouse who meets or met the criteria in section A above on or after March 16, 1998.

    C.    For surviving spouses of retirees, to be in this Class, the retiree must have retired on or after March 16, 1998 and before January 10, 2005 and the retiree must die anytime after retirement.

    D.    For surviving spouses of employees who did not retire, to be in this Class, the employee must have died on or after March 16, 1998 and before January 10, 2005.
(*Id.* at 3-4.)

The plaintiffs point out that Section A is taken directly from the 1998 GIP, which, they maintain, provides for lifetime "without cost" coverage for all covered surviving spouses, not just those whose husbands retired from Caterpillar. That is, "the 1998 GIP clearly provides that surviving spouses of employees who died while eligible to retire who meet the criteria are to receive the same health care benefits as surviving spouses of retirees. This is because when such an employee dies while eligible to retire, the Pension Plan provides a survivor pension benefit, and that entitles the survivor to the health care benefits. The proposed amended class description simply seeks to include the entire population affected by Caterpillar's changes to health care benefits for surviving spouses." (*Id.* at 6.)

In further support, the plaintiffs provide ample evidence that Caterpillar previously

---

[2] In an effort to explain this significantly more unwieldy class description, the plaintiffs state that, "[g]enerally speaking, survivors of retirees and survivors of employees who died while eligible to retire are among those described in Section A(1) . . . [and], [g]enerally speaking, section A(2) . . . deals with survivors of disability retirees." (*Id.* at 4-5.)

7

treated "Retiree Spouses" and "Eligible Spouses" the same from a benefits entitlement perspective. (*Id.*) For instance, the 1999 Summary Plan Description (SPD), which provided a summary of the 1998 GIP for beneficiaries, states that, if an employee "die[s] while eligible to retire or following [] retirement, [the] surviving spouse will have coverage continued for his or her lifetime without cost." (*Id.*) The plaintiffs also cite letters from Caterpillar written to surviving spouses in the period leading up to this litigation in which Caterpillar grouped "Eligible Spouses" and "Retiree Spouses" together in discussing benefit changes, showing that "Caterpillar has been acting generally on grounds applicable to the entire population who would be included in this amended class description." (*Id.* at 7-9.)

While the plaintiffs recognize that the class has been certified in its present form for almost four years, they maintain that their motion to amend the class description is still "timely." (*Id.* at 10.) That is, the plaintiffs have previously "flagged" this issue (as in their summary judgment briefing) as one that may require attention at some future time, and, in discovery requests to Caterpillar, the plaintiffs have defined "surviving spouse" to include individuals whose spouse died while eligible to retire. (*Id.* at 11-14.) Moreover, the plaintiffs maintain, once the Motion for Reconsideration briefing was concluded and it became clear that this case was "going forward" into the damages calculation stage, the plaintiffs quickly attempted to obtain an agreement from Caterpillar on this issue, and, when that course failed, they promptly brought the present motion. (*Id.* at 12-13.)

The plaintiffs maintain that this amendment would have relatively little impact. (*Id.* at 4.) That is, the plaintiffs have only identified one individual, Judy Harvey, whose husband died

during the relevant time window while eligible to retire, and plaintiffs' counsel "doubts the amendment would add a significant number of people to the class." (*Id.* at 4, 8.) Also, the plaintiffs point out that this additional group is "closed [and] finite." (*Id.*) That is, while the court has previously ruled that class members could "grow into" the class as their spouses who retired in the March 16, 1998 to January 10, 2005 time window die, no Eligible Spouses will "grow into" the class, because, to be included in this additional group, "the employee had to die on or after 3/16/1998 and before 1/10/2005." (*Id.*)

In response, Caterpillar does not challenge the substance of the proposed amendment, claim that the plaintiffs have misconstrued or misapplied the 1998 GIP, or assert that Eligible Spouses would not, under normal circumstances, have a natural place in this class. Rather, Caterpillar primarily argues that, (1) this group of Eligible Spouses was not included in the class certified by the court in July 2007; (2) the proposed amendment comes way too late in this litigation; and (3) "there have been no recent factual or legal developments that warrant amendment to the class description so late in this case." (Docket No. 307 at 1.) Caterpillar points out that all of the evidence cited by the plaintiffs to show that Caterpillar treated Retiree Spouses and Eligible Spouses the same was available years ago, and there is no excuse for the plaintiffs to have waited this long to raise the amendment issue with the court. (*Id.* at 9.)

Moreover, Caterpillar maintains that, given the class definition, it had no occasion to "seek out" and produce discovery "for any surviving spouses whose employee-spouse began receiving [a] disability pension while eligible to retire and subsequently died or who died while eligible to retire." (*Id.* at 3, 11-13.) Therefore, Caterpillar argues, "expanding the class at this

9

juncture would prejudice Caterpillar and cause undue delay," as Caterpillar would be forced to "re-open discovery as to the new class members," to determine how many individuals might fall into the amended class description and to discover their precise circumstances.[3] (*Id.* at 12.)

In their reply, the plaintiffs point out Caterpillar's lack of challenge to the substance of the amendment and argue that, "because the parties are in the process of obtaining the class data and damages information, it makes sense to refine the class description at this time and do it, efficiently, only once." (Docket No. 310 at 6.) The plaintiffs also argue that Caterpillar would not be "prejudiced" by an amendment to the class description at this point because (1) this case is in the "damages phase"; (2) Caterpillar "is in control of much of the materials relevant to this issue"; and (3) Caterpillar knew all along, based upon the 1998 GIP and the plaintiffs' briefing and discovery, that the Eligible Spouses issue was an outstanding one, and Caterpillar never challenged the inclusion of these individuals in the class.[4] (*Id.* at 14-18.)

---

[3]Caterpillar also claims that the proposed amendment is "futile" because of the Sixth Circuit's ruling in *Winnett I*, which held that the vesting of benefits for *Winnett* class members did not take place until the employee actually retired, not when he was eligible to do so. (Docket No. 307 at 6-7 citing *Winnett v. Caterpillar*, 553 F.3d 1000, 1009-12 (6th Cir. 2009)). Because the court grants relief to Caterpillar on other grounds, it is not necessary to reach this issue.

[4]The plaintiffs also maintain that a denial of their motion here cannot be squared with the court's March 2, 2011 Memorandum and Order that granted Caterpillar leave to file a summary judgment motion against third-party plaintiff UAW, well outside of the time period established in the scheduling order for filing dispositive motions. (Docket No. 310 at 18-20.) This argument is misplaced. In that Memorandum and Order, the court concluded that Caterpillar was entitled to leave to file because, under the unique circumstances of the complex third party litigation involved, a "fully informed" motion was not possible until after the court issued its March 26, 2010 Memorandum, which came well after the deadline for dispositive motions. (Docket No. 296 at 3.) Here, the plaintiffs had an informed basis for their motion to amend the class description from the time that the court first defined the class, without including the Eligible Spouses.

### B. Analysis

The court's review of Rule 23(c)(1)(C) case law in this circuit indicates that courts generally amend descriptions where "discovery . . . warrants modification of the scope of the class," that is, where lessons learned through fact gathering and legal analysis after certification reveal that the class originally certified should be "expanded or narrowed." *See Wike v. Vertrue*, 2010 WL 3719524, *4 (M.D. Tenn. Sept. 15, 2010)(Campbell, J). For instance, a district court might conclude that a class should be narrowed because a certain claim asserted by the class has become "unmanageable to adjudicate as a class action" or because it determines that fissures in the class have revealed themselves and warrant the creation of subclasses. *See Olden v. LaFarge Corp.*, 383 F.3d 495, 509 (6th Cir. 2004); *Van Horn v. Nationwide Property & Cas. Ins. Co.*, 2009 WL 347758, *9 (N.D. Ohio Feb. 10, 2009).

This, however, is not a case where "discovery warrants" expansion of the class. Rather, this is a case in which, in July 2007, the plaintiffs were put on notice that the court had not included in the class definition a group of individuals that the plaintiffs already believed belonged in the class. The plaintiffs invoked none of the recognized tools available to them to timely seek clarification or correction of the court's order. Rather, they engaged in class discovery and summary judgment briefing fully aware of this outstanding issue. Finally, well after the court reached its conclusions on liability and, as this case lurched toward its conclusion, the plaintiffs now speak up and request a modification that would add class members and invite additional discovery.

While the court is hesitant to elevate procedure over substance, it is simply too late in the

day to amend the class description. To be sure, this litigation has been complex with many "moving parts," but it is not unreasonable to say that, if the plaintiffs felt that the court had incorrectly omitted Eligible Spouses from its clear class definition, the time to seek reconsideration or clarification of that issue was shortly after the court certified the class. Instead, the plaintiffs have allowed this issue to languish for almost four years.

Further, while the plaintiffs claim that Caterpillar should have had notice of the "true nature" of the class here (that is, that it would include Eligible Spouses), it remains unclear to the court why Caterpillar was under any obligation to engage with the plaintiffs in discovery on claims of individuals who were clearly outside of the class that the court had certified. Particularly in light of the plaintiffs' failure to raise this issue with the court, Caterpillar can hardly be faulted for not previously investigating the claims of those who are clearly not included in the class description. And it would be unfair to Caterpillar now, after more than five years of costly litigation, to rule that Caterpillar is required to once more "go back to the well" and investigate the circumstances of an entirely new set of employees. While this work might not be as complex as other discovery in this lengthy litigation, it would undoubtedly be expensive and invite further discussion and potential conflict with opposing counsel, all when this case should be winding down, not ramping up with new class members.

Moreover, the amendment would likely have little substantive impact. The plaintiffs concede that few members would likely be brought into the class and that they know of only one individual whose husband died while eligible to retire in the relevant time period. Just as it is in the interests of justice to ensure that injured parties are able to seek relief, it is also in the interests

of justice to ensure that litigation is efficiently and effectively carried out by the parties. To allow the plaintiffs to open up additional vistas of discovery and investigation at this point in the litigation would, under the unique circumstances, impermissibly elevate the former objective over the latter.[5]

## CONCLUSION

For the reasons discussed herein, the plaintiff's Motion to Amend Class Description will be denied.

An appropriate order will enter.

ALETA A. TRAUGER
United States District Judge

---

[5] In their reply, the plaintiffs argue that, aside from the challenges to adding class members at this stage, "using the criteria of the 1998 GIP to determine eligibility for class membership would be more accurate" than the present class definition, and "Caterpillar has not disputed that." (Docket No. 310 at 1-2.) The court has concluded here that it is too late in the day to be adding class members. If it appears to both parties that the class definition can and should be amended to be more consistent with plan documents, the discovery uncovered in this case, and the court's rulings, the court suggests that the parties (while reserving all rights on appeal) again attempt to reach an agreement on the amended class description – one that does not involve adding members to or subtracting members from the class.